IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Lamar Tolden,** *on behalf of himself and all others similarly situated,*<br><br>                    **Plaintiff,**<br><br>v.<br><br>**The City's Finest, LLC, and Charles R. Betts,** *individually*,<br><br>                    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No.**<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT & MISSOURI MINIMUM WAGE LAW**

**COMES NOW** Plaintiff Lamar Tolden, on behalf of himself and all others similarly situated, by and through counsel, and for his Complaint against The City's Finest, LLC (herein after "TCF") and Charles R. Betts (hereinafter, collectively "Defendants") states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff Lamar Tolden brings this action against Defendants under state and federal law, specifically the Missouri Minimum Wage Law ("MMWL") Mo. Rev. Stat. § 290.500 *et seq*. and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiff brings this action, on behalf of himself and all others similarly situated, against Defendants for unpaid overtime compensation, and related penalties and damages.

3. Defendants' payroll policies and practices were and are in direct violation of the MMWL, Mo. Rev. Stat. § 290.500 *et seq*

4. Defendants' payroll policies and practices were and are in direct violation of the FLSA, 29 U.S.C. § 201, *et seq*.

5. For said violations, Plaintiff seeks, on behalf of himself and all others similarly situated, declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6. Plaintiff Lamar Tolden is an adult resident of St. Louis County, Missouri.

7. Plaintiff and prospective members of the collective are individuals currently and formerly employed by Defendants to work as Security Officers, who were paid on an hourly basis, who worked more than forty hours in a workweek and who were denied the statutorily required overtime premium for all hours worked over forty hours in a work week, based on Defendants' common practice, policy, or scheme of refusing to pay overtime premiums.

8. Upon information and belief, Defendant Charles R. Betts is an adult resident of St. Louis County, MO.

9. Defendant TCF is a limited liability company registered and operating in Missouri. TCF may be reached for service through its registered agent Gregory G. Fenlon, 601 S Lindbergh Blvd., Saint Louis, MO 63131-2733.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 over Plaintiff's claims brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

11. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1467 (a) over Plaintiff's claims brought under the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq*; Plaintiff's claims for violations of the MMWL are so related to his

Doc ID: e27414eb4169725d3d946cb6f929f509e312aca8

federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

12. Defendant Charles R. Betts is an adult resident of Missouri and, consequently, this Court has personal jurisdiction over him.

13. Defendant TCF is a limited liability company incorporated in Missouri, currently registered to do business in, employing citizens of, and subject to service of process in the State of Missouri; this Court, therefore has personal jurisdiction over TCF.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all Security Officers who were employed by Defendants for the period of three years prior to the commencement of this action to the present, who worked more than forty hours in a work week, and who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week.

16. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff, because his claims are similar to collective action members and putative collective action members.

17. Plaintiff, collective action members, and putative collective action members are similarly situated because they worked as Security Officers for Defendants, they were paid on an hourly basis, and they worked more than forty hours in a workweek.

Doc ID: e27414eb4169725d3d946cb6f929f509e312aca8

18. Moreover, Plaintiff, collective action members, and putative collective action members are similarly situated because they were denied the statutorily required overtime premium for all hours worked over forty hours in a work week, based on Defendants' common practice, policy, or scheme of refusing to pay overtime premiums.

## FACTUAL BACKGROUND

19. Defendant Charles R. Betts is the founder and owner of Defendant TCF.

20. TCF is a limited liability company which provides security services to businesses, hospitals, special business districts, and residential areas throughout Missouri.

21. Upon information and belief, during the past three years, TCF has an annual gross volume of business done of no less than $500,000.

22. TCF employs approximately 200 Security Officers to provide security services for its clients.

23. On or about June 30, 2022, Defendants hired Plaintiff Lamar Tolden to work as an Armed Security Officer.

24. As an Armed Security Officer, Mr. Tolden was assigned to work multiple guard shifts at one or more of Defendants' client businesses each week.

25. Throughout his employment, Defendants paid Mr. Tolden a base hourly rate of $25.00.

26. Defendants also paid Mr. Tolden shift differentials for working shifts on nights and weekends.

27. These shift differentials increased Mr. Tolden's hourly rate by approximately $5.00 to $15.00 depending on the specific shift Mr. Tolden worked.

28. During his employment with TCF, Mr. Tolden regularly worked significantly more than 40 hours per week; on several occasions, Mr. Tolden worked more than 70 hours a week.

Doc ID: e27414eb4169725d3d946cb6f929f509e312aca8

29. In 2022, Mr. Tolden worked approximately 65 hours per week on average.

30. In 2023, Mr. Tolden worked approximately 47 hours per week on average.

31. Despite working substantial overtime, Defendants never paid Mr. Tolden an overtime premium for his hours worked over 40 in a workweek.

32. During his employment, many of Mr. Tolden's co-workers informed him that Defendants did not pay them an overtime premium for working more than 40 hours in a workweek.

33. During his employment, Mr. Tolden inquired about Defendants' lack of overtime pay with Human Resources Manager Mitzi Morici.

34. In response to his questions, HR Manager Mitzi Morici instructed Mr. Tolden to ask TCF's owner, Defendant Charles R. Betts, to no avail.

35. In 2023, Mr. Tolden complained to his supervisor Security Manager Stephen Perkins about Defendants' failure to pay him an overtime premium for his hours worked over forty in a workweek, contrary to the requirements of the law.

36. In response to this complaint, Mr. Perkins informed Mr. Tolden that Defendants did not pay overtime to any of their employees because Defendants already compensated their employees at a high hourly rate.

37. On or about September 25, 2023, Tolden voluntarily resigned from his employment due to TCF's continued refusal to pay overtime premiums.

**COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT**

38. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

39. At all relevant times, Defendants were acting as "employers" within the definition and coverage of the FLSA, 29 U.S.C. § 203.

40. At all relevant times, Defendant Charles Betts exercised the authority to: (a) hire and fire

Doc ID: e27414eb4169725d3d946cb6f929f509e312aca8

employees of TCF; (b) determine the work schedules of the employees of TCF; (c) determine the wages of the employees of the City's Finest; and (d) control the finances and operations of TCF.

41. Given the level of control exerted over the operations of TCF, Charles Betts was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

42. At all relevant times, Defendants "employed" Plaintiff and all other similarly situated employees, within the meaning of the FLSA, 29 U.S.C. § 203(e)(2)(C).

43. The FLSA requires each covered-employer, including Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

44. At all relevant times, Plaintiff and all similarly situated employees were non-exempt employees, subject to the FLSA, 29 U.S.C. § 213.

45. During the relevant period, Plaintiff and all similarly situated employees, regularly worked more than forty hours in a workweek.

46. During the relevant period, Defendants willfully failed to pay Plaintiff and all similarly situated employees an overtime premium for their hours worked over forty in a given workweek.

47. Plaintiff questioned and complained about Defendants' failure to pay overtime premiums to management at TCF on multiple occasions.

48. Accordingly, Defendants had several opportunities to correct the failure to pay overtime, yet failed to do so.

49. As a result of Defendants' failure to compensate Plaintiff and all similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for all

Doc ID: e27414eb4169725d3d946cb6f929f509e312aca8

work performed in excess of forty hours in a work week, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).

50. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

**COUNT II—VIOLATION OF THE MISSOURI MINIMUM WAGE LAW**

52. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

53. At all relevant times, Defendants were employers, pursuant to the MMWL. Mo. Rev. Stat. § 290.500(4).

54. At all relevant times, Plaintiff and all other similarly situated employees were covered employees, pursuant to the MMWL. Mo. Rev. Stat. § 290.500 (3)

55. The MMWL requires employers, including Defendants, to pay employees for hours worked over forty in a work week "a rate not less than one and one-half times the regular rate at which he is employed." Mo. Rev. Stat. § 290.505 (1).

56. Defendants have willfully failed and refused to pay its Security Officers, including Plaintiff, an overtime premium equivalent to one and one-half times their regular rate of pay whenever these employees work more than forty hours in a workweek.

57. As a result of Defendants' failure to compensate Plaintiff and all those similarly situated at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated the MMWL, Mo. Rev. Stat. § 290.505 (1).

Doc ID: e27414eb4169725d3d946cb6f929f509e312aca8

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Lamar Tolden, on behalf of himself and all others similarly situated to him, prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the MMWL and the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Designation of Lamar Tolden as Representative Plaintiff of the collective in this FLSA representative action;

6. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully submitted,

  s/*Philip E. Oliphant*
 Philip E. Oliphant, Bar Number: 25990TN
 THE CRONE LAW FIRM, PLC
 88 Union Avenue, 14th Floor
 Memphis, TN 38103
 901.737.7740 (voice)
 901.474.7926 (fax)
 poliphant@cronelawfirmplc.com

*Attorney for Plaintiff*

8

Doc ID: e27414eb4169725d3d946cb6f929f509e312aca8

## **DECLARATION AND VERIFICATION**

I, Lamar Tolden, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Fair Labor Standards Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendants but in sincerity and truth for the causes mentioned in the Complaint.

_____
Lamar Tolden

 11 / 30 / 2023
_____
Date

Doc ID: e27414eb4169725d3d946cb6f929f509e312aca8



Audit trail

| | |
|---|---|
| Title | For Signature: L. Tolden - Verified Complaint |
| File name | Tolden Collective...nt Signature).pdf |
| Document ID | e27414eb4169725d3d946cb6f929f509e312aca8 |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

## Document History

**SENT**  **11 / 30 / 2023**  Sent for signature to Lamar Tolden (lamartolden@yahoo.com)
12:29:36 UTC-6  from jlc@cronelawfirmplc.com
IP: 173.166.195.225

**VIEWED**  **11 / 30 / 2023**  Viewed by Lamar Tolden (lamartolden@yahoo.com)
21:39:56 UTC-6  IP: 67.66.139.22

**SIGNED**  **11 / 30 / 2023**  Signed by Lamar Tolden (lamartolden@yahoo.com)
21:51:51 UTC-6  IP: 67.66.139.22

**COMPLETED**  **11 / 30 / 2023**  The document has been completed.
21:51:51 UTC-6

Powered by Dropbox Sign