### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

LAMAR TOLDEN, *on behalf of himself* )
*and all others similarly situated,* )
)
      Plaintiff, )
)
      vs. )      Case No. 4:23-cv-01535-MTS
)
THE CITY'S FINEST, LLC, *et al.,* )
)
      Defendants. )

### MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for Involuntary Dismissal. Doc. [51]. After a complete review of the briefing on the Motion, a review of the Docket in this matter, and after hearing from the parties at the status conference, the Court finds that dismissal of this action is warranted. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders."); E.D. Mo. L.R. 6.05(A), (E) (allowing the district court to impose sanctions on a party that fails to comply with an order referring the case to alternative dispute resolution or related deadlines); *see also Denton v. Mr. Swiss of Mo., Inc.*, 564 F.2d 236, 241 (8th Cir. 1977) (dismissal may be entered against a party as a result of counsel's actions).

\*

Plaintiff repeatedly ignored this Court's orders related to alternative dispute resolution ("ADR").  On September 24, 2024, the Court referred this case to ADR, designating Plaintiff's counsel as lead counsel.  Doc. [34].  That made him "responsible for working with the parties and the neutral to coordinate an agreeable date, time, and, if necessary, location for the initial ADR conference." *Id.*  That Order imposed an October 15 deadline to file the designation of neutral form with the Court.  Plaintiff failed to file it by that date.  So, on October 21, the Clerk of Court entered an Electronic Notice of Noncompliance, alerting Plaintiff of the missed deadline.  Doc. [35].

In response, on October 25, Plaintiff filed a Motion for Extension of Time.  Doc. [36].  The Motion stated that the parties had "agreed" on a mediator and were "finalizing a scheduled date for the mediation session." *Id.*  The Motion did not explain why Plaintiff chose to file it after the Court ordered deadline. *Id.*  For example, it did not mention anything about any noncooperation by Defendants. *Id.*  The Court granted the Motion and set a November 04 deadline for Plaintiff to file the designation of neutral.  Doc. [37].  That deadline came and went without a word from Plaintiff.  On November 13, with still no word from Plaintiff in the nine days that had passed since he missed the deadline, the Clerk of Court entered another Electronic Notice of Noncompliance.  Doc. [38].  On November 18, Plaintiff filed another Motion for Extension of Time, this time seeking a forty-five-day extension.  Doc. [39].[1]

---

[1] On November 20, the Court set the matter for a Tuesday, November 26 status conference to discuss the disregard of the Court-ordered deadlines.  Doc. [40].  On Friday, November 22, at

Plaintiff has failed to provide any justification for his failure to abide by these Court ordered deadlines.  Instead, he seems to try to shift blame for his inaction onto Defendants.  The Court doubts the factual underpinnings of that attempted shift.  But, in any event, Plaintiff's counsel was lead counsel.  The order referring the case to ADR specifically stated that "[i]f a deadline cannot be met, the designated lead counsel shall **file a motion requesting an extension of the deadline** prior to the expiration of that deadline."  Doc. [34] at 2 (emphasis in original).  Plaintiff disregarded this order.  Twice.  The next sentence of the order warned that "[n]oncompliance of any deadline set herein by this Court may result in the imposition of sanctions to the appropriate party or parties."  *Id.*  If that were not enough, the Court's Local Rules impose the same requirement and provide the same warning of sanctions.  E.D. Mo. L.R. 6.05(E); *see also Martinez v. Union Pac. R. Co.*, 82 F.3d 223, 227 (8th Cir. 1996) (noting the Court of Appeals for the Eighth Circuit "has upheld strict compliance by trial courts with their local rules"); *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020) (explaining that "district courts may require strict compliance with their local rules").[2]

Besides this disregard for the Court's orders and for the Local Rules, Plaintiff also failed to provide responses to Defendants' formal discovery requests.  Plaintiff's justification for this noncompliance largely amounts to "well, so did Defendants."  But

---

5:49 p.m., Plaintiff moved to continue the conference because counsel for Plaintiff "w[ould] not be present in the State of Missouri" on November 26.  Doc. [41].

[2] The Court finds that Plaintiff acted intentionally in his failure to comply with ADR deadlines. *Rodgers v. Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998) (district court need not find litigant acted in bad faith to dismiss action with prejudice, "only that he acted intentionally as opposed to accidentally or involuntarily").

Defendants filed a Motion to Compel; Plaintiff never did. *See* Doc. [28] (Defendant's Motion to Compel); *see also* Doc. [50] at 4 (Plaintiff acknowledging that "[i]n retrospect," he "should have filed at least three Motions to Compel"). In failing to file motions to compel, not only did Plaintiff fail to prosecute his case, but he also failed to comply with this Court's scheduling order that provided the parties "shall" pursue motions to compel "in a diligent and timely manner" when intractable discovery disputes arise. Doc. [17] at 3.

*        *        *

Upon consideration of all the circumstances here, the Court concludes that Plaintiff's actions and inactions warrant dismissal of this case. While "[i]t is a well-established principle in this Circuit that a party may be held responsible for the actions of its counsel," *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001), the Court will dismiss this action without prejudice, *see DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (a Rule 41(b) dismissal with prejudice is a drastic and extremely harsh sanction); *Schooley v. Kennedy*, 712 F.2d 372, 374 (8th Cir. 1983) (recognizing dismissal without prejudice as a "lesser sanction"). Dismissing this action without prejudice will allow Plaintiff to thoughtfully consider whether he is prepared to prosecute an action against these Defendants and, if so, allow Plaintiff to file this action again if he determines that he is prepared. *See Mo. Soybean Ass'n v. U.S. E.P.A.*, 289 F.3d 509, 513

(8th Cir. 2002) ("Because the dismissal is without prejudice, the dismissal is not a bar to a later suit.").[3]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Involuntary Dismissal, Doc. [51], is **GRANTED**.  The Court will enter herewith an Order of Dismissal, which will dismiss this action without prejudice.

Dated this 21st day of January 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] To the extent that this dismissal operates as a dismissal with prejudice based on the running of any applicable statute of limitations, such a result is not unwarranted.  In any event, Plaintiff has not raised such a possibility with the Court.  *Cf. Francois v. City of Gretna*, 668 F. App'x 574, 575 n.1 (5th Cir. 2016) (per curiam) (refusing to review the district court's dismissal without prejudice under the heightened dismissal with prejudice standard because plaintiffs did not contend the statute of limitations had run on their claims).